UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE,

       Petitioner,

v.                                   CASE NO. 01-CV-72688-DT
                                   HONORABLE LAWRENCE P. ZATKOFF

THOMAS G. PHILLIPS,

       Respondent.
_____/

**OPINION AND ORDER DENYING
HABEAS CORPUS PETITION
AND
DENYING PETITIONER'S MOTIONS FOR AN
EVIDENTIARY HEARING AND IN CAMERA REVIEW**

      This matter is pending before the Court on petitioner Arthur J. Rouse's *pro se* amended habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's state conviction for criminal sexual conduct. Also pending before the Court are Petitioner's motions for *in camera* review and release of grand jury documents and for an evidentiary hearing on his claim that appellate counsel was ineffective. The Court has concluded for reasons given below that the habeas petition and pending motions must be denied.

**I. BACKGROUND**

      In 1995, a multi-county grand jury indicted Petitioner on six counts of first-degree criminal sexual conduct. On October 9, 1998, Petitioner orally moved to dismiss the indictment on the grounds of pre-arrest delay, the statute of limitations, lack of a speedy trial, the grand jury proceedings, and an unsigned indictment. After the trial court declined to dismiss the indictment,

Petitioner entered a conditional plea of guilty to two counts of third-degree criminal sexual conduct. *See* MICH. COMP. LAWS § 750.520d. He reserved the right to appeal the pretrial issues.

The convictions arose from Petitioner's admissions that, in 1984, he engaged in sexual conduct with an eight-year old boy. The trial court sentenced Petitioner to concurrent terms of ten to fifteen years in prison for the crimes.

Petitioner appealed his convictions through counsel. He raised questions about (1) the delay in his arrest, (2) the delay in bringing him to trial, (3) a statutory amendment that extended the statute of limitations for sex offenses, (4) the expiration of the grand jury's term, and (5) his sentence. In a *pro se* supplemental brief, he argued that (1) the indictment was unsigned, (2) the statute of limitations was inapplicable because the charged offenses occurred before the amendment took effect, (3) he was entitled to re-sentencing under the 1984 guidelines, (4) the prosecutor lacked authority to appear before the grand jury and injected prejudicial information in the proceedings, (5) the trial court abused its discretion at sentencing, and (6) the court of appeals abused its discretion by denying his motion for the grand jury petition. On November 3, 2000, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Rouse*, No. 216303 (Mich. Ct. App. Nov. 3, 2000). Petitioner then sought a rehearing, disqualification of the court of appeals panel, and permission to submit newly released grand jury documents. The court of appeals denied his requests without explanation.

Petitioner subsequently filed a *pro se* application for leave to appeal in the Michigan Supreme Court. He argued that: (1) the court of appeals erred or abused its discretion when it (a) failed to provide a plenary decision on his claim about the grand jury's term, (b) used the same panel that convened the grand jury to hear his criminal appeal, (c) declined to receive the newly released

grand jury log or to remand the case for development of the record, and (d) dismissed his motion to add a ground; (2) his appellate attorney was ineffective; and (3) the new statute of limitations did not apply to him. The supreme court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed . . . ." *People v. Rouse*, 464 Mich. 860; 627 N.W.2d 605 (2001) (table).

Petitioner filed his initial habeas corpus petition in 2001. He alleged that (1) the grand jury's term expired before he was indicted, and the court of appeals panel was not neutral, (2) the statute of limitations for his offense expired before he was served with an arrest warrant, (3) appellate counsel was ineffective, and (4) the appellate courts abused their discretion when they failed to remand his case to the trial court to develop the record. On March 18, 2002, this Court dismissed the petition without prejudice because Petitioner had not exhausted state remedies for all his claims. *See* 28 U.S.C. § 2254(b)(1)(A) and (c).

Petitioner then returned to the trial court where he filed a motion for relief from judgment. He raised nine claims regarding the prosecutor, trial and appellate counsel, the grand jury proceedings, and his direct appeal. The trial court denied Petitioner's motion on the ground that the issues had been, or should have been, raised on appeal. The trial court noted that none of the issues implicated the voluntariness of the plea.

On appeal from the trial court's decision, Petitioner raised ten claims about the prosecutor, his trial and appellate attorneys, the Michigan Court of Appeals, the grand jury, information that was suppressed, the statute of limitations, and the criminal sexual conduct statute. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Rouse*, No. 243177 (Mich. Ct. App. Feb. 11, 2003). Petitioner raised

the same issues, with the exception of his challenge to the constitutionality of the criminal sexual conduct statute, in the Michigan Supreme Court. On July 28, 2003, the supreme court denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Rouse*, 469 Mich. 862; 666 N.W.2d 673 (2003) (table).

On February 11, 2004, Petitioner filed his amended habeas corpus petition. The grounds for relief read:

> I.  The statute of limitations expired before the Petitioner was arrested and prosecuted and there was not a valid indictment or information which violated the Due Process [Clause] and the Ex Post Facto Clause.
>
> II. Petitioner was discriminated against in violation of his equal protection and due process rights afforded others similarly situated when the grand jury investigated and indicted the petitioner after the grand jury's term expired.
>
> III. Petitioner's due process right to a neutral tribunal was violated when the state used the same court of appeals panel that convened the grand jury to affirm his conviction.
>
> IV. Petitioner was denied his right to effective appellate counsel in violation of the Due Process [Clause] and the Sixth Amendment.
>
> V.  Petitioner's right to due process and equal protection was violated when the state failed to release all the grand jury documents.

## II. PROCEDURAL DEFAULT

Respondent maintains that Petitioner's claims are procedurally defaulted because Petitioner failed to raise them in his appeal of right. A procedural default, in the habeas context, is "a critical failure to comply with state procedural law." *Trest v. Cain*, 522 U.S. 87, 89 (1997). Generally,

> federal courts may not consider procedurally defaulted claims. *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). A claim is procedurally defaulted if: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state

> courts actually enforced the procedural rule; and (3) the state courts' finding of noncompliance is an adequate and independent state ground for denying relief on the federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).

*Cone v. Bell,* 359 F.3d 785, 789 (6th Cir. 2004), *reversed on other grounds*, __ U.S. __, 125 S. Ct. 847 (2005). However, a procedural default is not a jurisdictional bar to review on the merits. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005); *Batchelor v. Cupp*, 693 F.2d 859, 863 n.2 (9th Cir. 1982).

> Rather, "[i]n the habeas context, the application of the independent and adequate state ground doctrine," of which a procedural default is typically an instance, "is grounded in concerns of comity and federalism." [*Coleman v.* Thompson, 501 U.S. 722, 730 (1991)] (contrasting habeas proceeding with [the Supreme] Court's direct review of a state court judgment). Thus, procedural default is normally a "defense" that the State is "obligated to raise" and "preserv[e]" if it is not to "lose the right to assert the defense thereafter." *Gray v. Netherland*, 518 U.S. 152, 166 (1996); *see Jenkins v. Anderson*, 447 U.S. 231, 234, n. 1 (1980).

*Trest*, 522 U.S. at 89.

Petitioner's claims lack merit, and procedural default issues "are almost always more complicated and time consuming than are the merits of the petitioner's federal claim." *Batchelor,* 693 F.2d at 864. The Court, therefore, will excuse the alleged procedural default and proceed to address the merits of Petitioner's claims in light of the following standard of review.

### III. STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original).

When the state court has not addressed or resolved claims based on federal law, the decision is not an "adjudication on the merits," and the Court must review such unaddressed claims *de novo*. *Howard*, 405 F.3d at 467 (citing *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) (distinguishing "no result" from no reasoning)). However, when the state court disposes of a constitutional claim but fails to articulate its analysis,

> a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).
>
> The independent review, however, is not a full, *de novo* review of the claims. *Id*. As [the Sixth Circuit] held in *Harris*, the review remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of

> AEDPA. *Id*.

*Id*. at 467-68.

> Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, review is conducted in light of the law as it existed at the time of the final state court decision, *Teague v. Lane,* 489 U.S. 288 (1989), unless an intervening constitutional decision announces a 'watershed' rule of criminal law with implications for the fundamental fairness of the trial proceeding. *Caspari v. Bohlen,* 510 U.S. 383, 396 (1994).

*Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1670 (2005).

## IV. DISCUSSION

### A. The Statute of Limitations

The first habeas claim alleges that the statute of limitations for the offense in question expired before Petitioner was arrested and prosecuted. Petitioner asserts that application of the statute of limitations to past crimes violated his right to due process of law and the *Ex Post Facto* Clause.

Petitioner conditioned his guilty plea on the right to appeal this issue.[1] The Michigan Court of Appeals adjudicated the claim on the merits and concluded that the offenses in the indictment were not time-barred when the amended statute of limitations took effect and that the new period of limitations did not expire before the indictment occurred.

### 1. Facts

---

[1] Respondent alleges that Petitioner did not present an argument under the Ex Post Facto Clause in the trial court. The record, however, indicates that the issue was implicitly presented to, and considered by, the trial court, which disposed of the issue on the basis of *People v. Russo*, 439 Mich. 583, 588; 487 N.W.2d 698, 699 (1992) (holding that the amended statute did not violate the Ex Post Facto Clauses of the Michigan and United States Constitutions).

Petitioner was indicted in 1995 for first-degree criminal sexual conduct. Petitioner's offenses occurred between 1984 and 1987 and involved a boy that was 8 years old when the abuse began. At the time of the indictment, the victim was 20 years old.

In 1984, when the abuse began, the statute of limitations for Petitioner's offense was six years. This statute of limitations was amended in 1987 for victims who were under 18 at the time of the offense. The amendment provided that an indictment for criminal sexual conduct could be filed within 6 years of the offense or by the victim's 21st birthday, whichever was later. *See* MICH. COMP. LAWS §767.24(2) (eff. Mar. 30, 1988); *Russo*, 439 Mich. at 590; 487 N.W.2d at 699. This amendment applied to Petitioner's case and extended the statute of limitations to September 10, 1996, the victim's 21st birthday.

**2. Application**

Petitioner argues that the 1987 extension constituted an *Ex Post Facto* law. *See* U.S. CONST. art. I, § 9, cl.3 and art. I, § 10, cl.1. Petitioner is mistaken. The *Ex Post Facto* Clause of the Constitution protects against the criminal punishing of acts that were not illegal when they were committed, but later outlawed. *See Calder v. Bull*, 3 U.S. 386, 390 (1798) (*Ex Post Facto* laws include: "Every law that make an action, done before the passing of the law, and which was innocent when done, criminal."). Petitioner's act of abuse was illegal prior to the 1987 amendment of the statutory of limitations. Accordingly, there was no *Ex Post Facto* violation.

An additional way to violate the *Ex Post Facto* Clause, is if the statute of limitations were to be extended after it had already run against a particular defendant. *See Stogner v. California*, 539 U.S. 607, 632-33 (2005) (A law violates the ex post facto clause "when it is applied to revive a previously time-barred prosecution.). Petitioner's rights were not violated, however, by the 1987

8

extension of the statute of limitations because, when the limitations period was extended, the statute of limitations had not yet run on Petitioner's offenses. Petitioner would have a valid claim only if the extension of the limitations period occurred *after* the statute of limitations for his offenses had run. *See United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (Holding that "extending a limitations period before the prosecution is barred does not violate the *Ex Post Facto* Clause.") Because this was not the case, Petitioner's argument fails.

**B. The Grand Jury's Term**

The second habeas claim alleges that Petitioner's rights to due process and equal protection of the law were violated when the grand jury investigated and indicted him after its term expired. Petitioner conditioned his guilty plea on the right to appeal the matter of the grand jury's expired term. He raised the claim strictly under state law in the trial court and on direct review of his conviction. The Michigan Court of Appeals concluded that the indictment was not void, because it was the product of a valid *de facto* grand jury. Petitioner styled his claim as a constitutional issue on collateral review of his conviction, but the state courts merely denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).

Petitioner's second claim for habeas relief fails because it does not assert a constitutional violation. The Fifth Amendment right to indictment by a grand jury does not apply to the states under *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2002). Furthermore, although "[t]he absence of an indictment is a jurisdictional defect which deprives the court of its power to act," *United States v. Macklin*, 523 F.2d 193, 196 (2d Cir. 1975), the determination of whether the trial court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). "[N]o federal court . . . has ever granted a writ

9

where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law." *Roche v. Scully*, 739 F.2d 739, 741-42 (2d Cir. 1984) (quoting *United States v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969)). Accordingly, on habeas review, it is not proper for the Court to review Petitioner's claim of a violation of state law.

Regardless, there is no reason to believe that state law was violated in this case because it is proper for a grand jury to sign an indictment after it has expired. *See People v. Kaplan*, 256 Mich. 36, 38-39 (1931) ("Though the statute contemplates that a grand jury will complete its work during the term to which it is summoned, yet, when it is continued into the next term, and is recognized by the court as a valid jury in receiving its indictments, it is a de facto grand jury, and its indictments are not void.").

Grand jurors in Michigan may serve two six-month terms, MICH. COMP. LAWS § 767.7f, and "may be recalled at any time by the presiding judge or his or her successor to conclude business commenced during the term of their service." MICH. COMP. LAWS § 767.7f(2).

The Michigan Court of Appeals convened Petitioner's grand jury on August 24, 1993. The grand jury's term ran for six months, or until February 24, 1994. On April 26, 1994, the court of appeals extended the grand jury's term through November 10, 1994. Petitioner alleges that the grand jury began to investigate him on September 21, 1994, after its one-year term expired, but the grand jury's term had been extended to November 10, 1994. The presiding judge subsequently recalled the jury on February 1, 1995, to complete its business by deliberating, voting, and signing the indictment. Under *People v. Kaplan*, the grand jury's indictment was valid.

For these reasons, Petitioner's second claim for habeas relief is denied.

**C. The Appellate Panel**

The third habeas claim alleges that Petitioner's right to a neutral tribunal was violated when the same state appellate panel that convened the grand jury also affirmed his conviction. Petitioner raised this issue in a motion to disqualify the court of appeals. The court of appeals denied the motion without explanation. Petitioner also raised the issue on state collateral review of his conviction, but the trial court stated that the issue was, or could have been raised on appeal, and the state appellate courts denied leave to appeal in standard orders, citing Michigan Court Rule 6.508(D). Because the state courts disposed of the constitutional claim, but failed to articulate any analyses, this Court must determine whether the state court decisions were contrary to federal law, unreasonable applications of clearly established law, or unreasonable determinations of the facts.

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 242 (1980).

> If a habeas court determines that bias by a state judge resulted in a constitutional violation, then the court is required to overturn the state court decision. *See Maurino v. Johnson*, 210 F.3d 638, 645 (6th Cir. 2000) ("Because judicial bias infects the entire trial process it is not subject to harmless error review"). [The Sixth Circuit looks] to the Supreme Court's decision in *Liteky v. United States*, 510 U.S. 540, 552 (1994), to provide the standard for deciding judicial bias claims; in that case, the Court explained that "the pejorative connotation of the terms 'bias' and 'prejudice' demands that they be applied only to judicial predispositions that go beyond what is normal and acceptable." *Id*. at 552; *see also Maurino*, 210 F.3d at 645.
>
> . . . .
>
> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Alley v. Bell*, 307 F.3d 380, 386, 388 (6th Cir. 2002), *cert. denied*, 540 U.S. 839 (2003).

State appellate Judges Martin M. Doctoroff and Donald E. Holbrook, Jr., participated in the three-judge panel that affirmed Petitioner's convictions. Judge Doctoroff also participated in the

11

decisions to convene the multi-county grand jury, to extend the grand jury's term, and to deny in part Petitioner's motion for grand jury documents. Judge Holbrook participated in the decision denying Petitioner's request for release of grand jury documents.

Petitioner has failed to show that Judges Doctoroff and Holbrook were biased as a result of their work on the grand jury matter. Judges Doctoroff and Holbrook did not preside over the grand jury, nor accept its indictment, and although they denied some of Petitioner's requests for grand jury documents during an interlocutory appeal, they granted other requests. Nothing in the record demonstrates a deep-seated antagonism that made them incapable of rendering a fair judgment in Petitioner's criminal case. Therefore, the state court decisions stating that Petitioner had not established entitled to relief were not contrary to federal law, unreasonable applications of clearly established law, or unreasonable determinations of the facts.

**D.  Appellate Counsel**

The fourth habeas claim alleges that Petitioner's appellate attorney provided ineffective assistance. Petitioner contends that his appellate attorney failed to file motions to develop the record, did not interview Petitioner before filing her original brief, failed to answer many of his questions, did not obtain the district court and grand jury transcripts, dropped oral arguments, omitted the conditional plea issues, failed to federalize issues, failed to cite cases that were directly on point, did no research, and failed to obtain the grand jury documents. Petitioner raised these claims on state collateral review of his convictions, but none of the state courts articulated an analysis of the constitutional claim.

The effectiveness of appellate counsel is measured by the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and with the assistance of the eleven questions

listed in *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999). *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005). The Supreme Court stated in *Strickland* that, to prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *See id.* at 687. The first prong of this test requires showing that defense "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

> The eleven questions set forth in *Mapes* are:
>
> (1) Were the omitted issues "significant and obvious"?
> (2) Was there arguably contrary authority on the omitted issues?
> (3) Were the omitted issues clearly stronger than those presented?
> (4) Were the omitted issues objected to at trial?
> (5) Were the trial court's rulings subject to deference on appeal?
> (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> (7) What was appellate counsel's level of experience and expertise?
> (8) Did the petitioner and appellate counsel meet and go over possible issues?
> (9) Is there evidence that counsel reviewed all the facts?
> (10) Were the omitted issues dealt with in other assignments of error?
> (11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes,* 171 F.3d at 427-28.

Attachments to the amended habeas petition reveal that Petitioner's appellate attorney corresponded with Petitioner several times, explained what issues she thought had been preserved and were viable, and met with Petitioner immediately after filing her brief, which included most of the preserved claims. She subsequently assisted Petitioner in filing a *pro se* supplemental brief, and she requested the trial and grand jury transcripts. Even if counsel omitted significant issues in her

13

brief, Petitioner filed a *pro se* supplemental brief in which he raised several additional issues.  The Michigan Court of Appeals rejected his *pro se* claims on their merits.

This Court concludes that appellate attorney's performance did not fall below an objective standard of reasonableness and that the allegedly deficient performance did not prejudice him. Therefore, the state courts' rejection of Petitioner's constitutional claim did not result in decisions that were contrary to *Strickland*, unreasonable applications of *Strickland*, or unreasonable determinations of the facts.

**E.  Release of Grand Jury Documents**

The fifth and final habeas claim alleges that Petitioner's rights to due process and equal protection of the law were violated because the Michigan Court of Appeals failed to release all the grand jury documents.  Petitioner alleges that he unsuccessfully requested the document that sealed the petition, the original convening petition, the petition used to extend the grand jury, two letters sent to the attorney general, and the complete grand jury log.  He claims that the state was required to release these documents pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1968), in which the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Petitioner alleges that he needed the requested documents to show that (1) there was no petition for a grand jury or that there was no probable cause to convene the grand jury, (2) the grand jury expired before it indicted Petitioner, and (3) the grand jury could not indict Petitioner until it introduced information about his unrelated activities.

Petitioner previously raised this claim on state collateral review.  The state courts disposed

of the claim but did not articulate any analyses for the constitutional issue.

Petitioner's current habeas claim fails because Petitioner did not preserve the right to appeal this issue when he pled guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

The Michigan Court of Appeals denied Petitioner's request for the petition for a grand jury on September 10, 1998. *See* Defendant/Appellant's Supplemental Brief on Appeal, Mich. Ct. App. No. 216303, at 13. Petitioner subsequently pleaded guilty. Although he conditioned his guilty plea on his ability to appeal certain pretrial issues, he did not preserve the right to appeal his present claim concerning release of grand jury documents. The only grand jury claims that he preserved for appeal alleged that (1) the grand jury exceeded its authority because it was convened to deal with drug crimes, not sex crimes, (2) its term expired before the indictment was signed, and (3) the indictment was unsigned. Petitioner's guilty plea foreclosed review of his present claim concerning the state court's refusal to release grand jury documents. *See Tollett*, 411 U.S. at 267. Furthermore, because Petitioner pled guilty to the facts alleged in the grand jury's indictment, Petitioner cannot show any prejudice resulting from the state's refusal to release the grand jury documents.

The Court concludes that Petitioner has no right to relief on the basis of his fifth and final habeas claim. His guilty plea foreclosed collateral review of the claim, and the state courts' rejection of his claim did not result in decisions that were contrary to, or unreasonable applications of, *Brady*.

## V.  CONCLUSION

For all the reasons given above, Petitioner is not entitled to the writ of habeas corpus. Accordingly, the amended application for the writ of habeas corpus [Doc. #31] is **DENIED**.

The Court **DENIES** Petitioner's motion for an evidentiary hearing [Doc. #48] because Petitioner's underlying contention about his attorney lacks merit.  The Court **DENIES** Petitioner's motion for *in camera* review of grand jury documents [Doc. #46], because Petitioner's guilty plea foreclosed review of that issue.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 13, 2005.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290