UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE,

      Petitioner,

v.                                              CASE NO. 01-CV-72688-DT
                                               HONORABLE LAWRENCE P. ZATKOFF

THOMAS G. PHILLIPS,

      Respondent.
_____/

**ORDER
GRANTING PETITIONER'S MOTION TO CHANGE HIS ADDRESS,
DENYING PETITIONER'S MOTION FOR A THREE-JUDGE PANEL,
GRANTING PETITIONER'S APPLICATION TO APPEAL *IN FORMA PAUPERIS*,
AND
DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

### I. Introduction

Petitioner Arthur J. Rouse has appealed the Court's denial of his habeas corpus petition, which attacked Petitioner's state conviction for two counts of third-degree criminal sexual conduct. This matter currently is pending before the Court on Petitioner's motion to change his address, his application for a three-judge court, his application to proceed on appeal without prepayment of fees, and his motion for a certificate of appealability.

### II. Discussion

**A. The Motion to Change Address**

Petitioner alleges that he was transferred to Mid-Michigan Correctional Facility on June 2, 2005. He seeks to have the Court take notice of his new address. Petitioner's motion [Doc. #53] is GRANTED and, because the Clerk of Court has already inserted Petitioner's new address on the

official court docket, no further action is required.

**B.  Application for Three-Judge Court**

After the Court denied the habeas petition, Petitioner requested that a panel of three judges review his claims.  Three-judge courts must be convened when "required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284(a).  Because Petitioner is not challenging the apportionment of a congressional district or legislative body, he is not entitled to a three-judge panel, and his motion for a three-judge court [Doc. #54] is DENIED.

**C.  Application to Proceed without Prepayment of Fees**

Petitioner seeks leave to proceed *in forma pauperis* on appeal.  His financial application and certificate in support indicate that he earns $30.00 per month and had a current spendable balance of $38.01 in his institutional account as of July 28, 2005.  Petitioner was permitted to proceed *in forma pauperis* in the District Court.  Therefore, he may proceed *in forma pauperis* on appeal without further authorization, Fed. R. App. P. 24(a)(3), and his application to proceed without prepayment of fees and costs [Doc. #56] is GRANTED.

**D.  The Motion for a Certificate of Appealability**

Petitioner seeks a certificate of appealability on all his claims.  "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue  "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating

which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253 is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The first habeas claim alleges that the statute of limitations for the offense in question expired before Petitioner was arrested and prosecuted. Petitioner further alleges that a statutory amendment, which made it possible to indict a person for criminal sexual conduct until the victim's 21st birthday, was applied retroactively in violation of the *Ex Post Facto* Clause. The Court determined that there was no *Ex Post Facto* violation because sexual abuse was illegal before the 1987 amendment and because the statute of limitations had not yet run on Petitioner's offenses when the statute was amended.

The second habeas claim alleges that Petitioner's constitutional rights were violated when the grand jury investigated and indicted him after its term expired. The Court found that this claim failed because it does not assert a constitutional violation and because the grand jury's indictment was valid under state law.

The third habeas claim alleges that Petitioner's right to a neutral tribunal was violated when the same appellate panel that convened the grand jury also affirmed Petitioner's conviction. The

Court found no merit in this claim because Petitioner failed to show that the judges who decided his appeal were biased as a result of their work on the grand jury matter.

The fourth habeas claim alleges that Petitioner's appellate attorney provided ineffective assistance. The Court concluded from the record that appellate counsel was not ineffective and, therefore, the state court's decision was not contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).

The fifth and final habeas claim alleges that Petitioner's rights to due process and equal protection of the law were violated because the Michigan Court of Appeals failed to release all the grand jury documents. The Court found that Petitioner did not preserve this issue and that his guilty plea foreclosed substantive review of the claim. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. And to the extent that the Court's decision on Petitioner's fifth claim was based on procedural grounds, reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. Accordingly, Petitioner's motion for a certificate of appealability [Doc. #57] is DENIED.

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATE DISTRICT JUDGE

Date:   September 27, 2005

S:\Marie ECF\01-72688.rouse.wpd